IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PEGGY ANN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:10cv641-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Plaintiff Peggy Ann Smith applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* Her applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date of January 8, 2007, through the date of the decision. Tr. 28. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42

---

[1]   Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #14); Def.'s Consent to Jurisdiction (Doc. #13). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3]   *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]   *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

### III.  ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-one years old at the time of the hearing before the ALJ.  Tr. 34.  Plaintiff has an eleventh grade education.  Tr. 34.  Plaintiff's past relevant work experience was as a "convenience store cashier," "sales clerk," "assistant manager of a convenience store," "line server," "retail cashier/checker," and "cook."  Tr. 25; Tr. 67.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since the alleged disability onset date" (Step 1).  Tr. 17.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "cervical spinal stenosis and degenerative disk disease status post fusion and diskectomy, lumbar degenerative disc disease with spondylosis and stenosis, lumbar radiculopathy, right rotator cuff syndrome, arthritis of the knees, and right carpal tunnel syndrome."  Tr. 18.  The ALJ then found that none of Plaintiff's impairments, alone or in combination, are of listing-level severity (Step 3).  Tr. 18.  Next, the ALJ found that Plaintiff

> has the residual functional capacity to perform the physical exertional and nonexertional requirements of light work with the following limitations: She requires a sit/stand option.  She can continuously lift or carry up to 5-10 pounds, frequently lift or carry up to 10-15 pounds, and occasionally lift or carry up to 20 pounds.  She can frequently use her hands for repetitive action such as in simple grasping and the pushing and pulling of arm controls.  She can frequently use her left hand for repetitive action such as for fine manipulation and occasionally use her right hand for fine manipulation.  She can occasionally use her feet for repetitive movement such as in the pushing and pulling of leg controls.  She can occasionally climb, balance, stoop, or kneel; occasionally crouch or crawl; and frequently reach overhead.  She can frequently work around unprotected heights or moving machinery; occasionally drive automotive equipment; and occasionally work around exposure to marked changes in temperature and humidity and exposure to dust,

fumes, and gases. She experiences a moderate degree of severity of pain lasting one to two hours at a time and occurring every two to three days. Additionally, she can perform only extremely simple and repetitive type work.

Tr. 27. Relying on the testimony of the vocational expert, the ALJ then found that Plaintiff could perform her past relevant work as a sales clerk (Step 4). Tr. 25-26. Despite this finding, and giving Plaintiff "the full benefit of the doubt," the ALJ proceeded to the fifth step of the sequential evaluation process to determine whether "there are other jobs existing in significant numbers in the national economy which the claimant can perform." Tr. 26. The ALJ found that, in light of Plaintiff's "medically determinable impairments, functional limitations, age, education, and work experience," and after consulting with a vocational expert, "jobs exist in significant numbers in the regional and national economies which the claimant can perform." Tr. 26. The ALJ identified the following occupations as examples: "inspector/checker," "machine packer," and "machine feeder/off bearer." Tr. 26. Accordingly, the ALJ determined that Plaintiff "is not disabled within the meaning of the Social Security Act." Tr. 26.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents the following issues for this Court's consideration in determining whether the ALJ's decision is supported by substantial evidence: (1) whether the ALJ erred in failing to find Plaintiff disabled under the medical vocational rules at the sedentary level, and (2) whether the ALJ's RFC findings are supported by substantial evidence. Pl.'s Brief

(Doc. #10) at 7, 9.[5]

## V. DISCUSSION

### A. The ALJ's finding that Plaintiff is not disabled.

Plaintiff appears to assert that the ALJ reversibly erred in finding Plaintiff able to do a restricted range of light work because "[a] favorable finding under the Medical Vocational Rules (MVR) at the sedentary level could readily have been made." Pl.'s Brief (Doc. #10) at 7. She further contends as follows:

> The ALJ failed to explain the concept of work with a sit/stand option at will in the context of a light exertional level. If a sit/stand option is to be accommodated within the confines of an otherwise very restricted RFC, clearly a sedentary exertional level would be a better fit. An inference may be drawn that the ALJ insisted on a light RFC in order to avoid the consequences of such a choice. . . . The ALJ's own RFC findings establish that Plaintiff is not capable of the full range of light work or anything like the full range of light work. An RFC for at best the full range of sedentary would better comport with the ALJ's own assessment of limitations and restrictions, in which case Plaintiff would be mandatorily disabled under 201.14.

*Id.* at 7-8. Defendant argues that the ALJ properly determined Plaintiff's RFC based on the

---

[5] As presented in her brief, Plaintiff's claim about whether the RFC finding is supported by substantial evidence appears incomplete and/or aborted. The argument in support of the claim begins "[i]n his decision, the ALJ gave Dr. Chivukula's assessment substantial weight, yet failed to indicate why that would not cause Plaintiff to meet this Grid Rule. (R.???)." Pl.'s Brief (Doc. #10) at 9. Next, Plaintiff includes a single paragraph discussing case law concerning the Eleventh Circuit's "pain standard" governing a claimant's efforts to establish disability through testimony about pain or other subjective symptoms. After this paragraph, Plaintiff concludes her argument with the curious fragment "Objective findings include imaging pre and post surgery." Pl.'s Brief (Doc. #10) at 10. To the extent Plaintiff intends this portion of her brief to present any argument about the ALJ's supposed improper application of the "pain standard," the Court finds it deficient. Rather, the Court can only construe this claim as a broad and conclusory claim that the ALJ's RFC findings are not supported by substantial evidence.

medical evidence in the record and that Plaintiff's claim that her ability to do light work was so eroded that she should have been assessed a sedentary level of RFC is without merit. Def.'s Brief (Doc. #11) at 6-9.  Defendant also maintains that Plaintiff's claim that the ALJ should have applied the Medical Vocational Rules for the sedentary exertional level is without merit because, as the ALJ found, Plaintiff's RFC exceeded the sedentary level. Hence, "the sedentary grid rules cannot apply in this case." *Id*. at 10.

Plaintiff first appears to argue that limiting her ability to perform light work with a sit/stand option suggests that sedentary was a more appropriate functional level.  Plaintiff faults the ALJ for "fail[ing] to explain the concept of work with a sit/stand option at will in the context of a light exertional level."  Pl.'s Brief (Doc. #10) at 8.  She opines that "[i]f a sit/stand option is to be accommodated within the confines of an otherwise very restricted RFC, clearly a sedentary exertional level would be a better fit."  *Id.*  Plaintiff does not clarify how the ALJ might have better explained "the concept of work with a sit/stand option" that he included in the RFC.  Nor does Plaintiff explain how the ALJ's failure to offer any putative explanation of the concept prejudiced her.  The ALJ mostly adopted the relevant functional capacity findings of Dr. Chivukula, *compare* Tr. 27 *with* Tr. 413-15, who opined that Plaintiff could sit, stand, or walk for a half hour at a time and several cumulative hours in a workday.  The ALJ also queried the vocational expert about the sit/stand option in his hypothetical, and the vocational expert opined that, even including that limitation, Plaintiff could perform some of her past relevant work and other jobs existing in significant numbers

in the economy. Tr. 69-71. Both the Eleventh Circuit and this Court have upheld Agency RFC determinations assessing light exertional levels with a sit/stand option. *See, e.g., Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004); *Wells v. Astrue*, 2008 WL 2468562 at *5 (M.D. Ala. June 17, 2008). In short, Plaintiff's vague and conclusory argument that the ALJ inherently erred in finding Plaintiff capable of light work with a sit/stand option, rather than just sedentary, or that the ALJ erred in failing to "explain" this "concept" is without merit.

Plaintiff does not claim that the ALJ incorrectly determined that her functional capacity is greater than what is supported by the record evidence. Rather, Plaintiff appears to contend that, given the restrictions on her ability to perform light work, a finding that she functions at the sedentary exertional level would be more appropriate. Pl.'s Brief (Doc. #10) at 8. However, while it is clear that the RFC articulated by the ALJ is for less than the full range of light work, it is also clear that the given RFC exceeds the sedentary level.[6] "Where a claimant's RFC is in between two exertional levels, . . . the grid guidelines, which reflect only common - and not all - patterns of vocational factors are not binding and are instead used only as an analytical framework. In such a situation, a VE is brought in to testify as to whether a significant number of jobs exist in the national economy that a hypothetical individual with the claimant's limitations can perform." *Anderson v. Comm'r of Soc. Sec.*,

---

[6] *See* 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time . . . ."). The ALJ found, consistent with the consultative examination of Dr. Chivukula (Tr. 413), that Plaintiff can frequently lift and carry ten to fifteen pounds and occasionally lift and carry twenty pounds. Tr. 27.

9

406 F. App'x 32, 35 (6th Cir. 2010). *See also Watson v. Astrue*, 376 F. App'x 953, 956-57 (11th Cir. 2010); SSR 83-12 ("Where the extent of the occupational base is not clear, the adjudicator will need to consult a vocational resource."). This is precisely what happened in this case: the ALJ determined that Plaintiff's RFC fell between the light and sedentary exertional levels and he therefore consulted with a vocational expert to determine whether there are jobs in significant numbers in the national and local economies which Plaintiff could perform at the restricted light exertional level. The ALJ was justified in relying on the expert's testimony- which is not challenged by Plaintiff - that Plaintiff could perform past relevant work and that other jobs exist in significant numbers which she could perform. *See Watson*, 376 F. App'x at 957-959. Hence, because the ALJ properly applied governing regulations to determine the extent of the erosion of Plaintiff's occupational base of light work, Plaintiff's claim that, notwithstanding the medical evidence and the vocational expert's testimony, a finding of sedentary work would be a "better fit" is unavailing.

**B.     Whether the ALJ's RFC findings are supported by substantial evidence.**

The only other issue conceivably raised by Plaintiff is her claim that "the ALJ's residual functional capacity findings are not based on substantial evidence." Pl.'s Brief (Doc. #10) at 9. However, as discussed *supra*, Plaintiff's argument as to this claim consists only of a sentence which seems better suited for Plaintiff's other claim ("In his decision, the ALJ gave Dr. Chivukula's assessment substantial weight, yet failed to indicate why that would not cause Plaintiff to meet this Grid Rule. (R.???)," a brief paragraph alluding to the Eleventh

Circuit's pain standard, and what appears to be a simple fragment ("Objective findings include imaging pre and post surgery"). *Id.* at 9-10. As stated previously, the Court finds this argument insufficient to present a claim that the ALJ improperly applied the pain standard or otherwise rendered a faulty credibility determination. Moreover, Plaintiff does not point to any part of the record as indicative that the ALJ's RFC formulation is not supported. Indeed, the ALJ's findings are supported by substantial evidence in the record, including the consultative examination report of Dr. Badewa (Tr. 310-313), the physical RFC assessment of Dr. Whitehead (Tr. 314-321), and the consultative examination report of Dr. Chivukula (Tr. 411-418), which the ALJ relied upon extensively in formulating Plaintiff's RFC. Tr. 25. Given the weight of this evidence and Plaintiff's failure to identify any contrary record evidence or otherwise more fully develop this claim, the Court finds that the ALJ's RFC determinations are supported by substantial evidence.

## VI.  CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is supported by substantial evidence and is AFFIRMED. A separate judgment will issue.

DONE this 6th day of July, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE